IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RHONDA SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:22cv__00020__ |
| | ) |
| IRONWORKS DEVELOPMENT, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff Rhonda Smith and for her Complaint against Defendant Ironworks Development, LLC, alleges and says as follows:

### PARTIES

1. Plaintiff is a citizen and resident of Nellysford, Virginia. She was formerly employed with Defendant as an executive assistant.

2. Defendant is a Virginia limited liability company with its principal offices in Charlottesville.

3. At all times relevant herein, Defendant was an employer as defined in 42 U.S.C. § 2000e and Va. Code § 2.2-3905.

### JURISDICTION AND VENUE

4. This is an action for damages, declaratory, and injunctive relief under Title VII of the Civil Rights Act of 1991, and the Virginia Values Act, Va. Code § 2.2-3905.

5. This Court has subject matter jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331.

6. A substantial part of the events and omissions giving rise to Plaintiff's claim

occurred in this district, and Defendant's unlawful employment practices were committed in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

7. Plaintiff filed a Charge of Discrimination against Defendant for the unlawful employment practices set forth herein with the U.S. Equal Employment Opportunity Commission and Virginia Office of Civil Rights and did so within the required time limits specified by law and regulation. Plaintiff received a notice of right to sue from the EEOC and instituted this action within ninety days of her receipt of said notice. Plaintiff has satisfied all pre-filing requirements for this action pursuant to 42 U.S.C. § 2000e-5(e) and (f) and Va. Code § 2.2-3907.

## FACTUAL ALLEGATIONS

8. From March 2020, Plaintiff's position had been remote because of COVID. In 2021, Defendant decided to adopt a policy requiring COVID vaccination of all of its employees on or before July 1, 2021.

9. Arthur Watson, III, the chief executive officer, declared in a meeting in January 2021, with Defendant's executives, and at which Plaintiff was present, that there would be no exceptions to the policy, for any reason. He adopted the policy despite being advised that it violated the law. He told the group he did not care if an employee sued.

10. Defendant failed to engage in the interactive process required by law. Instead, it denied every accommodation request received from approximately 13 employees.

11. Plaintiff submitted a reasonable accommodation request by reason of her sincerely held religious beliefs under Title VII and the Virginia Values Act. Therein, she informed Defendant of her sincerely held religious belief that compelled her to reject the COVID vaccines available as the emergency use authorization vaccines that were available to that point

all employed in their development or testing fetal cells derived from an aborted fetus. Plaintiff told Defendant she would get a vaccine that was not so compromised once it became available and would comply with personal protective equipment, social distancing, and testing in the interim.

12. Defendant made no effort to engage in the interactive process with Plaintiff and never gave Plaintiff any reason for its rejection of her accommodation request.

13. In addition to its failure to engage in any interactive process, Defendant presented no justification that Plaintiff's reasonable accommodation request presented an undue hardship.

14. Defendant suspended Plaintiff on July 1, 2021, and then terminated her on July 14, 2021, for her refusal to undergo COVID vaccination in violation of her sincerely held religious beliefs.

15. At the time of Plaintiff's suspension and termination by Defendant, Defendant had ended its office lease where Plaintiff had previously worked before the COVID remote policy in March 2020 and had not completed its new facility. As a result, there was no physical location from whence Plaintiff could work and her work was fully remote.

16. At the time of Plaintiff's suspension and termination by Defendant, all of its Virginia-based employees were working remotely, had been working remotely, and would be working remotely for the foreseeable future.

17. Upon information and belief, Defendant still does not have a physical office location, and all of its Virginia-based employees continue to work remotely.

18. There was no direct threat or undue hardship to Defendant from permitting an unvaccinated employee such as Plaintiff to continue to work remotely. After Plaintiff's termination, Defendant advertised her position and described it as a fully remote position.

19. Defendant's vaccination policy and its implementation through a refusal to engage in the interactive reasonable accommodation process are specific employment practices that have had a disparate impact on employees with sincerely held religious beliefs. Other employees besides Plaintiff were also denied a reasonable accommodation and suffered adverse employment actions for their refusals to comply with Defendant's vaccination policy in violation of their sincerely held religious beliefs.

20. Defendant applied these specific employment practices to all of its employees including Plaintiff.

21. Plaintiff has been damaged as the result of Defendant's discrimination set forth herein to include all of the counts below. She has suffered emotional pain and suffering, wounded feelings and mental anguish, loss of wages, future pecuniary loss, and other damages.

22. Defendant's conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff.

23. Defendant's conduct was malicious, willful, and wanton.

**COUNT ONE – DISPARATE TREATMENT DISCRIMINATION UNDER TITLE VII**

24. Plaintiff realleges the allegations set forth above as if fully set forth herein.

25. Plaintiff's sincerely held religious beliefs prohibited her from undergoing vaccination from vaccines that had been developed or tested with the use of cell lines from aborted fetal tissue.

26. Plaintiff was performing her duties to meet the legitimate expectations of Defendant.

27. Defendant terminated Plaintiff because of her sincerely held religious beliefs or was motivated by her sincerely held religious beliefs in its decision to terminate Plaintiff.

28. Similarly situated employees who did not hold Plaintiff's sincerely held religious beliefs were not terminated.

29. Defendant's conduct resulted in the disparate treatment of Plaintiff on the basis of and because of her sincerely held religious belief in violation of Title VII.

**COUNT TWO – DISPARATE IMPACT DISCRIMINATION UNDER TITLE VII**

30. Plaintiff realleges the allegations set forth above as if fully set forth herein.

31. Defendant's policy that mandates vaccination without any exemption procedure for sincerely held religious beliefs in a remote work setting is not predictive of who can perform the essential functions of an employment position and is not significantly correlated with elements of work duties that are relevant to the job.

32. The policy has a disparate impact on individuals with sincerely held religious beliefs that prohibit vaccination from vaccines that had been developed or tested with the use of cell lines from aborted fetal tissue. Individuals without such sincerely held religious beliefs are treated better under the policy.

33. But for Defendant's unlawful vaccination policy, Plaintiff would not have been suspended and then terminated.

34. Defendant's policy is an unlawful employment practice that causes a disparate impact on the basis of sincerely held religious beliefs.

35. Defendant's application of the policy against Plaintiff resulted in a disparate impact on Plaintiff on the basis of her sincerely held religious beliefs in violation of Title VII.

**COUNT THREE – DISPARATE IMPACT FROM FAILURE TO REASONABLY ACCOMMODATE UNDER TITLE VII**

36. Plaintiff realleges the allegations set forth above as if fully set forth herein.

37. Defendant's refusal to engage in the interactive reasonable accommodation

process for employees it subjects to its vaccination policy, including Plaintiff, is an unlawful employment practice that causes a disparate impact on the basis of sincerely held religious beliefs.

38. Defendant's failure to reasonably accommodate resulted in a disparate impact on Plaintiff on the basis of and because of her sincerely held religious beliefs in violation of Title VII

## COUNT FOUR – DISPARATE TREATMENT FROM FAILURE TO REASONABLY ACCOMMODATE UNDER TITLE VII

39. Plaintiff realleges the allegations set forth above as if fully set forth herein.

40. Defendant refused to engage in the interactive reasonable accommodation process and refused to reasonably accommodate Plaintiff's sincerely held religious beliefs to permit Plaintiff to continue her employment, employment that was remote.

41. Defendant's refusal to engage in the interactive reasonable accommodation process and failure to reasonably accommodate resulted in the disparate treatment of Plaintiff on the basis of and because of her sincerely held religious beliefs in violation of Title VII.

## COUNT FIVE – DISPARATE TREATMENT DISCRIMINATION UNDER THE VIRGINIA VALUES ACT

42. Plaintiff realleges the allegations set forth above as if fully set forth herein.

43. Plaintiff's sincerely held religious beliefs prohibited her from undergoing vaccination from vaccines that had been developed or tested with the use of cell lines from aborted fetal tissue.

44. Plaintiff was performing her duties to meet the legitimate expectations of Defendant.

45. Defendant terminated Plaintiff because of her sincerely held religious beliefs or

was motivated by her sincerely held religious beliefs in its decision to terminate Plaintiff.

46. Similarly situated employees who did not hold Plaintiff's sincerely held religious beliefs were not terminated.

47. Defendant's conduct resulted in the disparate treatment of Plaintiff on the basis of and because of her sincerely held religious belief in violation of the Virginia Values Act.

### COUNT SIX – DISPARATE TREATMENT FROM FAILURE TO REASONABLY ACCOMMODATE UNDER THE VIRGINIA VALUES ACT

48. Plaintiff realleges the allegations set forth above as if fully set forth herein.

49. Defendant refused to engage in the interactive reasonable accommodation process and refused to reasonably accommodate Plaintiff's sincerely held religious beliefs to permit Plaintiff to continue her employment, employment that was remote.

50. Defendant's refusal to engage in the interactive reasonable accommodation process and failure to reasonably accommodate resulted in the disparate treatment of Plaintiff on the basis of and because of her sincerely held religious beliefsin violation of the Virginia Values Act.

### COUNT SEVEN – DISCRIMINATORY CLASSIFICATION ON THE BASIS OF SINCERELY HELD RELIGIOUS BELIEFS UNDER THE VIRGINIA VALUES ACT

51. Plaintiff realleges the allegations set forth above as if fully set forth herein.

52. Defendant classified its employees based on vaccination status to deprive or tend to deprive those with sincerely held religious beliefs of employment opportunities to include continued employment.

53. Defendant's classification of employees based on vaccination status resulted in the disparate treatment of Plaintiff on the basis of and because of her sincerely held religious beliefs in violation of the Virginia Values Act.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That Plaintiff be awarded back pay and benefits, compensatory damages, and punitive damages from Defendant;

2. That Plaintiff be awarded front pay and benefits from Defendant;

3. That Plaintiff be awarded prejudgment interest on all damages;

4. That Plaintiff recover attorney fees and costs from Defendant;

5. For a declaration that Defendant violated Title VII;

6. For a permanent mandatory injunction requiring Defendant to engage on the reasonable accommodation process for exemptions from its vaccination policy on the basis of sincerely held religious beliefs;

7. For a trial by jury on all issues so triable; and,

8. For such other and further relief as the Court may deem just and proper.

This the 2d day of May, 2022.

**RHONDA SMITH**

/s/
_____
Counsel

James R. Theuer (VSB #68712)
Attorney for Plaintiff Rhonda Smith
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA  23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com